MEADOW BROOK NATIONAL BANK, Respondent, v. ROGERS & HAGGERTY, INC., et al., Appellants, et al., Defendant.— In an action by a bank upon a promissory note, in which defendant Rogers & Haggerty, Inc. (maker of the note) interposed counterclaims for damages, said defendant and defendant Falino (indorser of the note) appeal from an order of the Supreme Court, Nassau County, entered June 29, 1964, which granted plaintiff's motion for summary judgment. Order affirmed, with $10 costs and disbursements. Prior to the making of the note, the bank had honored four checks which defendant Rogers & Haggerty, Inc., had drawn on its account with the bank and which were payable to the nonappealing defendant, Sol-Mar Painting & Decorating Co., Inc. A dispute ensued between Rogers and the bank as to whether the bank should have refused to pay the checks. The dispute was lulled by the bank's lending Rogers an amount of money equal to the total amount of the checks, the note being given for the loan. Appellants rely on an alleged simultaneous parol agreement that the note was not to be paid unless and until it would be determined that Rogers was indebted to Sol-Mar for the total amount of the checks; and appellants assert that subsequent to the note transaction it was determined in a certain lawsuit that Rogers was not so indebted to Sol-Mar. The counterclaims are based on the bank's refusal to recredit to Rogers' account the total amount of the checks and the bank's return of other checks issued by Rogers, with accompanying statements that there were insufficient funds in Rogers' account to pay those checks. It is true that judgment was granted to Rogers against Sol-Mar in the latter's action, but it was based on the fact, claimed by Rogers in that action, that the four checks constituted full payment to Sol-Mar. Accordingly, the alleged condition prece-

dent to enforcibility of the note has been met. It is unnecessary to reach the question of whether the condition precedent was unavailing to appellants, as violative of public policy. The counterclaims were properly dismissed. Rogers, having already taken credit in Sol-Mar's action for the bank's payment of the checks to Sol-Mar, it may not now seek to duplicate that gain by a defense against the bank on the theory that the bank should not have paid the checks. A bank does not incur a tort liability for injury to a depositor's credit or business for the improper return of a check. Its only liability therefor is in contract for a breach of its obligations in the depositor-banker relationship (*Stella Flour & Feed Corp.* v. *National City Bank of N. Y.,* 285 App. Div. 182, affd. 308 N. Y. 1023). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.